# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. VALDEZ, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00357-JLT SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF STATE LAW CLAIMS<br><br>(ECF No. 13) |

Plaintiff Edward B. Spencer is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 24, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On May 21, 2022, Plaintiff heard an unknown officer inform Defendant Valdez that Plaintiff likes to file appeals and lawsuits, to which Valdez stated "I know." Defendant Valdez asked where Plaintiff's bunk was located. Defendant Valdez intentionally confiscated Plaintiff's Massey fan, with a retaliatory intent because he was informed by an officer that Plaintiff likes to file appeals and lawsuits against staff.

On or about January 2022, while Plaintiff was on the yard Defendant Parra told him to stop filing inmate appeals and lawsuits.

Defendants Valdez and Parra failed to provide a written document (receipt) for taking Plaintiff's Massey fan and never refused this statement in his appeal.

Plaintiff's fan was confiscated in retaliation for Plaintiff filing lawsuits in two other cases in this Court.

Defendant Valdez confiscated Plaintiff's fan but failed to take his cellmates fan who was in the same situation as Plaintiff, which lacked penological justification in taking one fan and not another in the same condition. Plaintiff requested to view and retain Defendants Valdez and Parra's body camera.

Defendants' actions were in contravention of the Department Operations Manual and Policy and Title 15 of the California Code of Regulations.

## III.
## DISCUSSION

**A.  Retaliation**

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283–84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972).

A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (internal citation omitted).

Liberally construed, Plaintiff's allegations state a cognizable claim for retaliation against Defendants L. Valdez and D. Parra.

**B.  California Code of Regulation Violations**

Plaintiff contends that Defendants' actions were in contravention of Title 15 and the CDCR Department Operations Manual.

///

Plaintiff cannot state a cognizable claim for violation of protocols. To the extent that Defendants have not complied with applicable state statutes or prison regulations, this deprivation does not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); Davis v. Kissinger, No. CIV S-04-0878-GEB-DAD-P, 2009 WL 256574, *12 n. 4 (E.D. Cal. Feb. 3, 2009). Nor is there any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)). There is no independent cause of action for a violation of Title 15 regulations. See, e.g., Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); Chappell v. Newbarth, No. 1:16-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

Thus, the violation of any state law or regulation that reaches beyond the rights protected by the federal Constitution and/or the violation of any prison regulation, rule or policy does not amount to a cognizable claim under federal law, nor does it amount to any independent cause of action under § 1983. Further, the existence of Title 15 regulations, an operations manual, and operating procedures governing the conduct of prison officials does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under these authorities, and Plaintiff has provided none. Several district court decisions hold that there is no such right. See, e.g., Vasquez v. Tate, No. 1:10–cv–1876–JLT (PC), 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012); Davis v. Powell, 901 F.Supp.2d 1196, 1211 (S.D. Cal.2012). Accordingly, Plaintiff cannot maintain a § 1983 claim for violations of Title 15, other California law, or correctional protocols.

**IV.**

**RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's retaliation claim against Defendants L. Valdez and D. Parra; and

2. Plaintiff's state law claims be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 26, 2023**

UNITED STATES MAGISTRATE JUDGE