UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. VALDEZ, et al.,<br><br>　　　　Defendants. | No. 1:23-cv-00357-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br><br>(ECF No. 30) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's retaliation claim against Defendants Parra and Valdez.

On April 29, 2024, Defendants filed a motion to revoke Plaintiff's in forma pauperis status. (ECF No. 29.)

On May 13, 2024, Plaintiff filed to stay Defendants' motion to revoke his in forma pauperis status pending the appeals in Spencer v. Milan, No. 1:20-cv-00682 JLT GSA (E.D. Cal.), Spencer v. Jasso, No. 1:20-cv-00909 JLT GSA (E.D. Cal.), Spencer v. Pulido-Esparza, No. 1:20-cv-01176 JLT GSA (E.D. Cal.), and Spencer v. Barajas, No. 1:23-cv-01033 JLT GSA (E.D. Cal.) (ECF No. 30). On May 21, 2024, Defendants filed a statement of non-opposition to Plaintiff's motion to stay the case. (ECF No. 31.)

///

1

**I.**

**DISCUSSION**

A court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Dietz v. Bouldin, 579 U.S. 40, 45-46 (2016) (citing Landis for proposition that district courts have inherent authority to manage their dockets).

Defendants do not oppose a stay of the case and continuance of the dispositive motion deadline until after the Court of Appeals renders its decision on Plaintiff's appeals of rulings revoking his in forma pauperis status.

Here, pursuant to the Court's discovery and scheduling order, the deadline for completion of discovery expired on May 5, 2024, and the deadline to file dispositive motions expires on July 15, 2024.  (ECF No. 27.)  Having considered the parties papers, the Court finds good cause to modify the scheduling order to vacate, rather than stay the entire proceedings, the dispositive motion deadline in this matter.  Pursuant to the Supreme Court's ruling in Coleman v. Tollefson, 575 U.S. 532 (2015), the district court's dismissal of an action on a statutorily enumerated ground under 28 U.S.C. § 1915(g) immediately counts as a strike as to all later-filed additional actions. Coleman, 575 U.S. at Thus, the Court finds the interest of justice and judicial economy do not warrant a stay of the entire proceedings pending the appeals in the above-cited cases.  Rather, a modification of the scheduling order is an efficient use of resources to allow time to render a ruling on Defendants' motion to revoke Plaintiff's in forma pauperis status prior to reaching the merits of this action.

**II.**

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay the proceedings (ECF No. 30) is denied;
2. The July 15, 2024 dispositive motion deadline is VACATED and will be reset if necessary after the final resolution of Defendants' pending motion to revoke Plaintiff's in forma pauperis status;

3. Plaintiff may file an opposition to Defendants' motion to revoke his in forma pauperis status within thirty (30) days from the date of service of this order; and

4. Defendants may thereafter file a reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

Dated: __May 22, 2024__                              _____
                                                     UNITED STATES MAGISTRATE JUDGE