UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>            Plaintiff,<br><br>       v.<br><br>L. VALDEZ, et al.,<br><br>            Defendants. | No.  1:23-cv-00357-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED<br><br>(ECF No. 29) |

   Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status, filed April 29, 2024.

**I.**

**BACKGROUND**

   This action is proceeding on Plaintiff's retaliation claim against Defendants L. Valdez and D. Parra.  (ECF No. 17.)

   On July 31, 2023, Defendants filed an answer to the complaint.  (ECF No. 21.)

   On September 5, 2023, the Court issued the discovery and scheduling order.  (ECF No. 27.)

   As previously stated, on April 29, 2024, Defendants filed a motion to revoke Plaintiff's in

1

forma pauperis status.  (ECF No. 29.)  On June 3, 2024, Plaintiff filed an opposition to Defendants' motion, and Defendants filed a reply on June 17, 2024.  (ECF Nos. 33, 34.)

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that "In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute ... lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.' We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the Andrews court stated that, "we look to their 'ordinary, contemporary, common meaning.' Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.' A case is malicious if it was filed with the 'intention or desire to harm another.' " Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a

1 claim." Id. at 1121. In making the determination whether a dismissal counts as a strike, it is the
2 substance of the dismissal, which is determinative, not the styling of the dismissal. El-Shaddai v.
3 Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir.
4 2008).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews, 398 F.3d at 1120. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." Id. "In sum, once a prisoner has been placed on notice of the potential disqualification under 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Id.

### III.
### DISCUSSION

Defendants seek to dismiss this action because Plaintiff has at least three previous suits that courts have dismissed for being frivolous, malicious, or failing to state a claim, and Plaintiff did not allege that he was in imminent danger of serious physical injury at the time the operative complaint was filed.

In opposition, Plaintiff argues that Defendants seek to relitigate the same underlying question that was previously resolved in Spencer v. Beard, No. 1:19-cv-01615 DAD HBK, 2021 WL 3418677 (E.D. Cal. Aug. 5, 2021), which is barred by collateral estoppel. (ECF No. 33.)

In response, Defendants argue that the doctrine of collateral estoppel does not apply in this case, and Plaintiff still has at least four lawsuits that courts have determined fail to state a claim. (ECF No. 34.)

**A.  Collateral Estoppel**

For the doctrine of collateral estoppel to apply, there are three factors to consider: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have

3

been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." Sams v. Diaz, No. 2:22-cv-0568 JAM DMC, 2022 WL 624997 at * 3 (E.D. Cal., Mar. 2, 2022) (quoting McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004).)

As explained more fully below, the decision in Spencer v. Beard as to the specific issue of whether to consider a voluntary dismissal a strike was not a critical and necessary part of the judgment on the merits of that case. The strike determination was not a decision on the merits and the matter was allowed to continue.  Further, this issue was not litigated either by Defendant Parra or Defendant Valdez, who were not parties to that action.  Rather, this issue was litigated by a different party, C. Carlson. Thus, the doctrine of collateral estoppel is applicable and there is no merit to Plaintiff's argument.

### B. Three or More Strikes Under Section 1915(g)

Defendants submit that Plaintiff has suffered three or more strikes in the following cases of which the Court takes judicial notice:[1]

1. Spencer v. Beeler, No. 1:13-cv-01624 JLO BAM (E.D. Cal. Sept. 22, 2014).  On August 20, 2014, the Court dismissed Plaintiff's complaint for failure to state a cognizable claim for relief and granted him leave to amend within thirty days. (Request for Judicial Notice (RJN), Exhibit (Ex.) 1, Order, ECF No. 11.) On September 8, 2014, Plaintiff filed the instant motion requesting voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a) (1) without prejudice. (RJN, Ex. 2, ECF No. 12.) On September 22, 2014, the Court issued an order granting Plaintiff's request for voluntary dismissal without prejudice pursuant to Rule 41(a). (RJN, Ex. 3, ECF No. 14.)

2. Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT (E.D. Cal. Apr. 6, 2018).  On July

---

[1] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

4

1   24, 2017, the Court issued an order dismissing Plaintiff's complaint for failing to state a

2   cognizable claim and granted him leave to amend within twenty-one days. (RJN, Ex. 4, ECF

3   No. 8.) Plaintiff filed his FAC on August 18, 2017. (RJN, Ex. 5, ECF No. 10.) On March 13,

4   2018, the Court issued findings and recommendations (F&R) to dismiss this action with prejudice

5   for failure to state a cognizable claim. (RJN, Ex. 6, ECF No. 15.) On April 5, 2018, Plaintiff filed

6   objections to the F & R. (RJN, Ex. 7, ECF No. 18.)  In his objections, Plaintiff argued that a

7   magistrate judge does not have jurisdiction to screen this case and requests that the undersigned

8   not accept the F&R, but instead, and to avoid a strike under 28 U.S.C. § 1915(g), Plaintiff then

9   requested to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil

10  Procedure 41(a)(1). (Id.) On April 6, 2018, the district judge issued an order overruling Plaintiff's

11  objection to the magistrate judge's screening orders and granted his request to dismiss this action

12  without prejudice under Rule 41(a)(1)(i). (RJN, Ex. 8, ECF No. 19.) However, the Court noted

13  that it cannot grant Plaintiff's request not to count his voluntary dismissal of this action as a strike

14  against him under 28 U.S.C. § 1915(g). (Id.)

15      3.      Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG (E.D. Cal. Apr. 25, 2018).  On

16  April 2, 2018, the Court issued F&R to dismiss this action without leave to amend for failure to

17  state a claim under the relevant legal standards. (RJN, Ex. 9, ECF No. 12.) The Court noted that

18  the Plaintiff has amended his complaint once already and that further amendment would be futile.

19  (Id.) On April 23, 2018, Plaintiff filed objections to the F&R. (RJN, Ex. 10, ECF No. 13.)  On

20  April 25, 2018, the district judge issued an order adopting the F&R in full and dismissing

21  Plaintiff's complaint without leave to amend for failing to state a cognizable claim. (RJN, Ex. 11,

22  ECF No. 17.)

23      4.      Spencer v. Kokor, No. 1:17-cv-01561 LJO BAM (E.D. Cal. June 26, 2018).  On

24  May 30, 2018, the Court issued F&R to dismiss this action without leave to amend for failure to

25  state a claim for relief. (RJN, Ex. 12, ECF No. 12.) On June 7, 2018, Plaintiff timely filed

26  objections, arguing that the Court ignored his allegations that Defendant Kokor failed to treat

27  Plaintiff's pain and cramping for over 67 months. On June 26, 2018, the district judge issued an

28  order finding Plaintiff's objections unpersuasive and dismissing Plaintiff's complaint with

1 prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted. (RJN, Ex.
2 13, ECF No. 14.)

3 Based on the four cases cited above, the Court finds that Plaintiff has incurred three or
4 more "strikes" under § 1915(g) prior to filing the instant civil action.

### C. Prior Three Strikes Determination and Voluntary Dismissals

6 While some courts have found that a voluntary dismissal does not count as a strike under
7 § 1915(g),[2] this Court has recently determined otherwise.[3]  On January 17, 2024, the Court issued
8 an order in Spencer v. Pulido-Esparza, 1:20-cv-01176-JLT-GSA (E.D. Cal. Aug. 10, 2023),
9 directing Plaintiff to show cause why his IFP status should not be revoked pursuant to 28 U.S.C.
10 § 1915(g). (RJN, Ex. 14, ECF No. 37). On February 15, 2024, the Court issued an order
11 recommending Plaintiff's IFP status be revoked pursuant to 28 U.S.C. § 1915(g) and that he be
12 required to pay the filing fee in full. (Pulido-Esparza, RJN, Ex. 15, ECF No. 40.)  On March 18,
13 2024, the Court adopted the F&R and declared Plaintiff a "three-strikes litigant" pursuant to the
14 following closed cases brought by Plaintiff within the meaning of 28 U.S.C. § 1915(g). (Pulido-
15 Esparza, RJN, Ex. 16, ECF No. 43.)

16 As noted above, Plaintiff voluntarily dismissed both Beeler and Kokor without prejudice,
17 and Plaintiff's request in Kokor to not count the dismissal as a strike was denied. (RJN, Ex. 8,
18 ECF No. 19.)  In Spencer v. Beard, No. 1:19-cv-01615 DAD HBK, 2021 WL 3418677 (E.D. Cal.
19 Aug. 5, 2021), the Court found that Plaintiff's voluntary dismissal after the Court's finding of a
20 failure to state a claim in Beeler did not constitute a strike under 1915(g).  However, in Pulido-
21 Esparza, the Court disagreed finding the Ninth Circuit's holdings in El-Shaddai v. Zamora, 833

---

[2] See, e.g., Avery v. Stainer, No. 2:18-cv-01302 JAM AC P, 2021 WL 1153773, at *3 (E.D. Cal. Mar. 26, 2021) Brown v. Milburn, No. 3:23-cv-00038 JMK, 2023 WL 7340355 (D. Alaska Nov. 7, 2023); Peck v. Dorsey, No. 2:19-cv-1023 SAB, 2019 WL 6499109, at *4 (D. Nev. Dec. 3, 2019); McDowell v. Haskell, No. 2:20-cv-300 RMP, 2020 WL 8920937, at *7 (E.D. Wash. Sept. 21, 2020); James v. James, No. 2:19-cv-0020 SLG, 2019 WL 4169877, at *7 (D. Alaska Sept. 3, 2019); Gansert v. Orange County, No. 8:19-cv-1999 JGB JDE, 2019 WL 8108749, at *6 (C.D. Cal. Nov. 7, 2019); Morrison v. Christensen, No. 1:20-cv-0566 DCN, 2021 WL 1061973, at *6 & n.2 (D. Idaho Mar. 19, 2021).

[3] See, e.g., Spencer v. Milan, No. 1:20-CV-00682-JLT-GSA PC, 2024 WL 639907, at *10 (E.D. Cal. Feb. 16, 2024) (voluntary dismissals after a finding that an inmate's complaint fails to state a claim are, in fact, strikes within the meaning of Section 1915(g)), report and recommendation adopted, 2024 WL 1155848 (E.D. Cal. Mar. 18, 2024);

6

F.3d 1036 (9th Cir. 2016),[4] Knapp v. Hogan, 738 F.3d 1106 (9th Cir. 2013),[5] and Harris v. Mangum, 863 F.3d 1133 (9th Cir. 2017),[6] clearly refute the findings of the Beard Court. (Pulido-Esparza, RJN, Ex. 15, ECF No. 40.)

In Pulido-Esparza, the Court noted that El-Shaddai, Knapp, and Harris collectively suggest that if a complaint fails to state a claim for relief or is frivolous or malicious, and the Plaintiff fails to amend the complaint and the case is dismissed (either by the Court or by voluntary dismissal of Plaintiff) such dismissal constitutes a strike under § 1915(g). In making such determination, the Court pointed out that several district courts have reach the same conclusion. See, e.g., Sumner v. Tucker, 9 F. Supp. 2d 641, 643-44 (E.D. Va. 1998) (stating voluntary dismissal does not relieve Plaintiff of consequences of filing frivolous action under Section 1915(g)); Garrett v. Diaz, 3:21-cv-00265 WQH MDD, 2021 WL 3209913, at *3 (S.D. Cal. July 29, 2021) (counting voluntary dismissal as strike under Section 1915(g)); Williams v. Paramo, No. 3:17-cv-02596 MMA BLM, 2018 WL 11271064, at *3 (S.D. Cal. Mar. 1, 2018) (counting Plaintiff's voluntary dismissals as strikes under Section 1915(g)); Meador v. Brown, No. 2:18-cv-00696 KJM AC, 2018 WL 2688131, at *5 (E.D. Cal. June 4, 2018) (stating irrespective of voluntary dismissal, pre-dismissal findings and recommendations that filing was improper "rang the PLRA bells" of frivolousness and failure to state a claim and counting voluntary dismissal as strike); Heilman v. Deillen, No. CV 14-6298 JVS (FFM), 2017 WL 10591881, at *5 (C.D. Cal. Sept. 18, 2017) ("[I]t would frustrate the purposes of Section 1915(g) if Plaintiff avoided a strike merely because he, rather than the court, instigated the dismissal of an action that he acknowledged was nonviable."); Blaisdell v. Hawaii Dep't of Pub. Safety, No. 12-00554 LEK BMK, 2012 WL 5996797, at *3 (D. Haw. Nov. 30, 2012) (collecting cases) (stating permitting Plaintiff to voluntarily dismiss complaint would frustrate Congress's purpose in

---

[4] In El-Shaddai v. Zamora, the Ninth Circuit held "when [] review[ing] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture immaterial." 833 F.3d at 1042.

[5] In Knapp v. Hogan, the Ninth Circuit held "[i]t is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." 738 F.3d at 1109.

[6] In Harris v. Mangum, the Ninth Circuit held a dismissal counts as a strike when the court dismisses a complaint for failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint. 863 F.3d at 1143.

1   enacting the PLRA, namely, to discourage prisoners from filing baseless lawsuits and to deter

2   "frivolous prisoner gamesmanship").  Thus, because in both Beeler and Kokor Plaintiff failed to

3   amend after the Court determined that the complaints failed to state a claim for relief, the

4   subsequent voluntary dismissal is of no consequence.  See Harris, 863 F.3d at 1142 (the failure to

5   amend, via voluntary dismissal, does "not negate the determination already made by the Court

6   that the complaint he had filed … failed to state a claim.").  Consequently, the Pulido-Esparza

7   Court declared Plaintiff a "three-strikes litigant" based on Spencer v. Beeler, No. 1:13-cv-01624

8   JLO BAM (E.D. Cal. Sept. 22, 2014); Spencer v. Kokor, No. 1:17-cv-00597 LJO JLT (E.D. Cal.

9   Apr. 6, 2018); Spencer v. Sherman, No. 1:17-cv-01025 LJO EPG (E.D. Cal. Apr. 25, 2018); and

10  Spencer v. Kokor, No. 1:17-cv-01561 LJO BAM (E.D. Cal. June 26, 2018).

11      As these cases were decided prior to the filing of the instant action, Plaintiff is a "three-

12  strike litigant" and is ineligible to proceed in forma pauperis unless he was in imminent danger of

13  serious physical injury at the time he filed this action on March 9, 2023.  Andrews, 493 F.3d at

14  1053-56.  In his complaint, Plaintiff alleges on May 21, 2022, Defendant correctional officer L.

15  Valdez intentionally, illegally, and maliciously confiscated Plaintiff's Massey fan with a

16  retaliatory intent.  Defendants Valdez and D. Parra failed to provide written document of a receipt

17  (CDC Form 1083) for taking Plaintiff's fa and never refuted this statement in his appeal.  Plaintiff

18  requested that Defendants body cameras be reviewed for possible retaliation.  On July 12, 2022,

19  Plaintiff filed a grievance regarding the fan and requested that it be hot glued and returned to him.

20  The destruction of Plaintiff's fan occurred after Plaintiff initiated the grievance on July 12, 2022.

21  On or about September 10, 2022, Defendant Parra informed Plaintiff that his fan was destroyed

22  and there was no receipt.  Defendant Parra retaliated against Plaintiff by destroying his fan.

23  Defendants' conduct  was malicious and had an adverse effect on Plaintiff by causing him to lose

24  his fan and to be placed in a cell without circulated and ventilated air to reduce the dust as

25  Plaintiff is asthmatic.  Due to the toxic air, Plaintiff is susceptible to more medical problems

26  without a fan.

27      It is clear that Plaintiff has not alleged that he suffered any physical injury as a result of

28  the allegations set forth in the complaint, Plaintiff has not made a plausible allegation that he was

in imminent danger of serious physical injury at the time he filed his complaint. Consequently, Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), and Plaintiff's in forma pauperis status be revoked. If Plaintiff wishes to proceed with this action, he must pre-pay the $402.00 filing fee in full.[7]

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to revoke Plaintiff's in forma pauperis status be granted; and
2. Plaintiff be directed to pay the $402.00 filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 3, 2024**

UNITED STATES MAGISTRATE JUDGE

---

[7] The Court notes that the filing fee increased from $402.00 to $405.00, effective December 1, 2023 (https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/); however, since this case was filed on March 9, 2023, the fee increase does not apply.

9