UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. VALDEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:23-cv-0357 JLT SAB (PC)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR FEE WAIVER AND REQUEST FOR AN EXTENSION OF TIME<br><br>(Docs. 44, 45) |

　　　Edward Spencer is proceeding *pro se* in this action, in which he seeks to hold the defendants liable for retaliation in violation of his civil rights pursuant to 42 U.S.C. § 1983. (*See* Docs. 13, 16.) Although Plaintiff was granted leave to proceed *in forma pauperis* in this action, the Court revoked this status upon finding Plaintiff had at least three strikes under 28 U.S.C. § 1915(g), and Plaintiff did not demonstrate that he was under imminent danger of serious physical injury at the time he filed the complaint. (Doc. 38.) The Court directed Plaintiff to pay the filing fee in full within 20 days and informed him that failure to do so would result in dismissal of the action. (*Id.* at 2.)

　　　On July 29, 2024, Plaintiff filed a request to stop the deduction of the filing fee for this action. (Doc. 39.) The Court granted the request and directed the CDCR to cease collecting and making payments from Plaintiff's trust account to satisfy the balance of the filing fee in this action. (Doc. 40 at 2.)

1

1      On August 19, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit.  (Doc. 42.)  Plaintiff was ordered to pay the filing fee of $605.00 immediately.  (Doc. 42; Doc. 42-2.)  The Ninth Circuit also informed Plaintiff that he was required to pay the filing fee within fourteen days, and the failure to pay the filing fee would result in the dismissal of his appeal for failure to prosecute.  (Doc. 43 at 1.)  The Ninth Circuit also informed Plaintiff that motions seeking relief from the Ninth Circuit "must be separately filed on [that] court's docket."  (*Id* at 1.)  To the extent Plaintiff requests the *district* court authorize the fee waiver for his appeal and grant an extension of time, it is now without jurisdiction to grant the requested relief.  *See Hoffman v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1276 (9th Cir. 1976) ("an appeal to the circuit court deprives a district court of jurisdiction as to any matters involved in the appeal"); *Erikson Prods. v. Kast*, 769 Fed. App'x 482 (9th Cir. 2019).  Thus, the requests should be made to the Ninth Circuit.

Accordingly, the Court **ORDERS**:  Plaintiff's motions to waive the appellate filing fee and for an extension of time (Docs. 44 and 45) are **DENIED** without prejudice to filing the requests with the Ninth Circuit, which currently has jurisdiction over this action.

IT IS SO ORDERED.

Dated:   **September 5, 2024**

UNITED STATES DISTRICT JUDGE