UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>            Plaintiff,<br><br>     v.<br><br>L. VALDEZ, et al.,<br><br>            Defendants. | No.  1:23-cv-00357-JLT-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE ANSWER AND MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF Nos. 51, 52, 53) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to amend their answer and motion to modify the discovery and scheduling order, filed on October 31, 2025. Plaintiff filed an opposition on November 17, 2025, and Defendants filed a reply on December 1, 2025.

**I.**

**BACKGROUND**

This action was filed on March 9, 2023 (ECF No. 1), and the operative First Amended Complaint was filed on April 24, 2023. (ECF No. 13.) Defendants answered the First Amended Complaint on July 31, 2023 (ECF No. 21), and the Court issued a Discovery and Scheduling Order on September 5, 2023. (ECF No. 27.)

Defendants filed a motion to revoke in forma pauperis status on April 29, 2024 (ECF No.

1

1  29), which was granted. (ECF No. 38.)  The Court denied Plaintiff's motion to stay the

2  proceedings but vacated the dispositive motion deadline. (ECF No. 32.)  Plaintiff appealed, and

3  the Ninth Circuit Court of Appeals reversed and remanded the action on September 4, 2025. (ECF

4  No. 48.)  The Court then re-set the dispositive motion deadline for November 5, 2025. (ECF No.

5  50.)

6      As stated above, Defendants filed a motion to amend their answer and motion to modify

7  the discovery and scheduling order on October 31, 2025.  Plaintiff filed an opposition on

8  November 17, 2025, and Defendants filed a reply on December 1, 2025.

## II.

## DISCUSSION

A party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." Id. That policy should be "applied with extreme liberality." United States v. $11,500 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013) (quoting Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)).

District courts should consider the following factors when deciding whether to grant leave to amend: (1) undue delay; (2) the movant's bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previously allowed amendments; (4) prejudice to the opposing party; and (5) futility. Brown v. Stored Value Cards, Inc., 953 F.3d 567, 574 (9th Cir. 2020) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC, 316 F.3d at 1052.

"[O]nce a scheduling order has been issued in a case, amendments to pleadings are governed in the first instance by Rule 16 rather than Rule 15." Soto v. Gines, No. 11–CV–235–LAB (JMA), 2013 WL 4517296, at *1 (S.D. Cal. Aug. 22, 2013) (citing Johnson v. Mammoth

Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992)); see also C.F. v. Capistrano Unified Sch. Dist., 647 F.Supp.2d 1187, 1190 (C.D. Cal. July 27, 2009) ("In the Ninth Circuit, a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b)."). Under Federal Rule of Civil Procedure 16, scheduling orders may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard considers the diligence of the party seeking amendment. Johnson, 975 F.2d at 609. If good cause is shown, the party must then demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Id.; see also Fed. R. Civ. P. 15, 16(b).

In seeking to modify the scheduling order and amend the answer, Defendants' counsel declares as follows:

> This matter initially was defended by Deputy Attorney General James Mathison and then transferred to Deputy Attorney General Boyd, who deposed the Plaintiff on April 3, 2024.  Thereafter, DAG Boyd filed a motion to revoke Plaintiff's in forma pauperis status, which was granted. Plaintiff then appealed and this matter was reversed and remanded on September 5, 2025. The dispositive motion deadline was vacated during this pendency of this appeal, and the focus of the defense concerned the appeal rather than the merits of Plaintiff's claims.
>
> DAG Boyd was on leave when this matter was remanded and I assumed responsibility for the handing of this case, including the preparation of a dispositive motion. In reviewing the file, I noticed Plaintiff testified in deposition that he did not submit any prisoner grievances against Defendant Parra prior to the May 21, 2022 fan confiscation, which establishes that Plaintiff did not exhaust any potential claim arising out of Parra's purported January 2022 statement. In order to ensure that the Defendants' dispositive motion encompasses all potential issues which could be asserted, I have prepared this motion to modify the discovery and scheduling order to allow Defendants to brief Plaintiff's failure to exhaust claims arising out of the alleged January 2022 statements by Parra.

(ECF No. 52, Bragg Decl. ¶¶ 2-3.)

Defendants move to modify the scheduling order in this case nunc pro tunc with respect to the deadline to brief Plaintiff's failure to exhaust one of the claims asserted against Defendant Parra in connection with their dispositive motion, set for November 5, 2025.  Defendants further seek leave to amend their answer move for leave to file an amended answer  to assert an affirmative defense of failure to exhaust available administrative remedies and to re-state Defendants' position concerning that issue.

3

1    Plaintiff opposes Defendants' request to modify the scheduling order and argues that
2 Defendants have not shown that their inability to comply with the deadline to file an exhaustion
3 motion was reasonably foreseeable at the time of the discovery and scheduling order.  Plaintiff
4 also alleges that he made a mistake in drafting the First Amended Complaint by mistakenly
5 stating that Defendant Parra told him to stop filing grievances and lawsuits in June 2022, rather
6 than January 2022. (ECF No. 56 at 2:23-25.)

7    In the operative complaint, Plaintiff alleges that Defendant Parra informed Plaintiff in
8 January 2022 that Plaintiff should stop filing inmate appeals and lawsuits. (First Am. Compl.,
9 ECF No. 13 at 8:3-5; see Findings and Recommendations, ECF No. 14 at 2:24-25.)  Based on
10 previous counsel's review of the screening order, he did not believe this statement provided a
11 basis for the cognizable First Amendment retaliation claim, and failure to exhaust was not raised
12 as an affirmative defense. (ECF No. 53, Bragg Decl. ¶¶ 2-4.)  Subsequently, Plaintiff testified in
13 deposition that he did not file any inmate appeals against Defendant Parra prior to May 21, 2022.
14 (ECF No. 52, Ex. A, Pl. Dep. at 16:1-6.)  Defendants submit that to the extent Plaintiff intends to
15 assert the January 2022 statement by Parra as a basis for a First Amendment retaliation claim,
16 Plaintiff's deposition testimony establishes that he failed to exhaust that claim as required by the
17 Prison Litigation Reform Act.

18    Plaintiff's argument that Defendants have failed to demonstrate that their failure to
19 comply with the exhaustion motion deadline was reasonable foreseeable at the time of the
20 scheduling order is belied by the fact that he acknowledges the exhaustion issue first became
21 apparent to Defendants during his deposition, which was after issuance of the scheduling order.
22 (ECF No. 56 at 2:21-25.)  Plaintiff testified that he filed a grievance against Defendant Parra" for
23 this incident only," when the fan was seized.  Plaintiff's deposition taken on April 3, 2024, was
24 seven months after issuance of the scheduling order on September 5, 2023.  (ECF No. 27.)
25 Therefore, Defendants could not have anticipated Plaintiff's subsequent deposition testimony
26 regarding the exhaustion issue when the scheduling order issued.

27    Plaintiff also alleges for the first time in the opposition that he made a mistake in drafting
28 the first amended complaint by incorrectly stating that Defendant Parra told him to stop filing

4

1  grievances and lawsuits in June 2022, rather than January 2022. (ECF No. 56 at 2:34-35.) There
2  is no record of Plaintiff raising this issue at his deposition and he does not allege he did so.
3  Defendants submit that "[t]his statement raises a different exhaustion issue, in that the grievance
4  submitted after the fan was confiscated did not mention any statements by Parra that Plaintiff
5  should stop filing grievances and lawsuits." (ECF No. 59 at 2; Ex. A.) Defendants argue under
6  this analysis Plaintiff did not provide notice to the institution of the misconduct by Parra for
7  which he currently seeks relief thereby failing to exhaust the claim. (Id.) Contrary to Plaintiff's
8  contention, his failure to mention this mistake until the present motion was filed provides an
9  additional reason why the scheduling order should be modified to allow Defendants to assert
10 appropriate defenses to Plaintiff's claims, including an exhaustion defense. Accordingly, because
11 Defendants were diligent in conducting discovery, good cause exists to modify the scheduling
12 order.

13        The Court also finds that Defendants have satisfied Rule 15 to allow for amendment of
14 their answer. Defendants' request is not made in bad faith but is made to rectify a mistake made
15 by previous defense counsel in reviewing this Court's screening order. (Bragg Decl., infra.)
16 Defendants did not unduly delay in filing this motion, as the entire progress of this case stopped
17 at the district court level while Plaintiff pursued his appeal. (Bragg Decl., infra.) Further, it is
18 common practice for courts to not require amendment of the answer and allow affirmative
19 defenses to be raised for the first time on a motion for summary judgment, provided the opposing
20 party is not prejudiced or unfairly surprised. See Garcia v. Salvation Army, 918 F.3d 997, 1008-
21 1009 (9th Cir. 2019). Any surprise or prejudice to Plaintiff by this amendment is minimal, given
22 it is based on his deposition testimony. (Ex. A, Pl. Dep. at 16:1-6.) Given the liberal policy
23 concerning amendment of answers, Defendants' motion to amend the answer should be granted.
24 Owens, 244 F.3d at 712.

25        In sum, given that Defendants' motion is based on information obtained in discovery after
26 the filing of the original answer which established that the exhaustion defense applies, leave to
27 modify the scheduling order and to amend the answer is justified.
28 ///

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to amend the answer, filed on October 31, 2025, (ECF No. 52), is GRANTED;

2. Defendants' motion to modify the scheduling order to brief the failure to exhaust administrative remedies in the dispositive motion, filed on October 31, 2025, (ECF No. 53), is GRANTED;

3. The Clerk of Court shall file Defendants' proposed amended answer, filed on October 31, 2025, (ECF No. 52, Exhibit B), as Defendants' amended answer; and

4. The dispositive motion deadline is extended to **January 12, 2026**.

IT IS SO ORDERED.

Dated: **December 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge