UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER, | No. 1:23-cv-00357-JLT-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION |
| v. | FOR SUMMARY JUDGMENT |
| L. VALDEZ, et al., | (ECF No. 54) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed November 5, 2025. (ECF No. 54.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's retaliation claim against Defendants Parra and Valdez.

Defendants filed an answer to the complaint on July 31, 2023. (ECF No. 21.) After opting out of the post-screening alternative dispute resolution settlement conference, the Court

1

issued the discovery and scheduling order on September 5, 2023.  (ECF No. 27.)

On October 31, 2025, Defendants filed a motion to modify the scheduling order to allow briefing on exhaustion of the administrative remedies, and a separate motion for leave to file an amended answer.  (ECF Nos. 51, 52.)

On November 5, 2025, Defendants filed the instant motion for summary judgment.  (ECF No. 54.)

On November 17, 2025, Plaintiff filed an opposition to Defendants' motion to modify the scheduling order.  (ECF No. 56.)

On November 19, 2025, Plaintiff filed an opposition to Defendants' motion for summary judgment, and a separate request for judicial notice.  (ECF Nos. 57, 58.)

On December 1, 2025, Defendants filed a reply to Plaintiff's opposition to the motion to modify the scheduling order.  (ECF No. 59.)

On December 4, 2025, the Court granted Defendants' motion to amend the answer and motion to modify the scheduling order.  (ECF No. 60.)  The Court also ordered the Clerk of Court to file Defendants proposed amended answer, (ECF No. 52), as Defendants' amended answer.  (Id.)  On this same date, Defendants filed a reply to Plaintiff's opposition to the motion for summary judgment.  (ECF No. 62.)

**II.**

**LEGAL STANDARD**

**A.      Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.

2

Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

In reviewing cross-motions for summary judgment, a court is required to consider each motion on its own merits. Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." Id.

In arriving at these Findings and Recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**III.**

**DISCUSSION**

**A.      Summary of Complaint**

On May 21, 2022, Plaintiff heard an unknown officer inform Defendant Valdez that Plaintiff likes to file appeals and lawsuits, to which Valdez stated "I know."  Defendant Valdez asked where Plaintiff's bunk was located.  Defendant Valdez intentionally confiscated Plaintiff's Massey fan, with a retaliatory intent because he was informed by an officer that Plaintiff likes to

3

file appeals and lawsuits against staff.

On or about January 2022, while Plaintiff was on the yard Defendant Parra told him to stop filing inmate appeals and lawsuits.

Defendants Valdez and Parra failed to provide a written document (receipt) for taking Plaintiff's Massey fan and never refused this statement in his appeal.

Plaintiff's fan was confiscated in retaliation for Plaintiff filing lawsuits in two other cases in this Court.

Defendant Valdez confiscated Plaintiff's fan but failed to take his cellmates fan who was in the same situation as Plaintiff, which lacked penological justification in taking one fan and not another in the same condition.  Plaintiff requested to view and retain Defendants Valdez and Parra's body camera.

**B.      Statement of Undisputed Facts[1]**

1.      At all relevant times, Plaintiff was a prisoner of the State of California in the custody of the California Department of Corrections and Rehabilitation (CDCR) and was housed at the Substance Abuse Treatment Facility and State Prison (SATF).  (First Am. Compl. (FAC), ECF No. 13 at 6:18-21.)

2.      This matter proceeds on Plaintiff's claim of retaliation in violation of the First Amendment against Defendants Valdez and Parra arising out of the confiscation of Plaintiff's fan on May 21, 2022.  (ECF No. 14, at 2, ECF No. 16 at 2.)

3.      Parra did not search Plaintiff's cell on that date and did not confiscate any of Plaintiff's property.  (Parra Decl., Ex. A at 2:26.)

4.      Plaintiff does not know the identity of the officer who allegedly informed Valdez that Plaintiff liked to file appeals and lawsuits.  (Pl. Dep., Ex. C at 17:3-4.)

5.      Valdez searched Plaintiff's cell on May 21, 2022, as part of the institutional mass search and noticed a fan belonging to Plaintiff with a loose cover and missing screws.  (Valdez Decl., Ex. B at 2:8-14.)

6.      Plaintiff admits he had removed the screws and cover of the fan in order to clean

[1] Hereinafter referred to "UF."

4

it.  (Pl. Dep., Ex. C at 20:1-21:25.)

7.      After confiscating the fan, Valdez filled out a confiscation receipt and took the fan and the receipt to the podium in Plaintiff's section and dropped it off in a bag. Valdez assumed that other officers would determine whether the fan would be returned to Plaintiff once the loose cover and missing screws were addressed, as the fan was otherwise in a working condition. (Valdez Decl., Ex. B at 2:8-14; Receipt, Ex. D.)

8.      Plaintiff spoke with Parra concerning the confiscation of the fan, and Parra said he would speak to Valdez.  (Pl. Dep., Ex. C at 18:5-9.)

9.      Parra's only involvement in the search of Plaintiff's cell on May 21, 2022 was to discuss the confiscation of his fan after it had been confiscated.  (Parra Decl., Ex. A at 2:1-3.)

10.      Parra had not searched Plaintiff's cell or confiscated Plaintiff's property prior to May 21, 2022.  (Pl. Dep., Ex. C at 15:18-25.)

11.      Plaintiff did not file any inmate appeals against Parra prior to May 21, 2022. (Pl. Dep., Ex. C at 16:1-6.)

12.      Valdez had not searched Plaintiff's cell or confiscated Plaintiff's property prior to May 21, 2022.  (Pl. Dep., Ex. C at 16:16-21.)

13.      Plaintiff did not file any inmate appeals against Valdez prior to May 21, 2022. (Pl. Dep., Ex. C at 16:22-24.)

14.      An administrative remedy was available to Plaintiff, who submitted and exhausted an appeal concerning the confiscation of his fan.  (FAC, ECF No. 13 at 10:5-9.)

**C.      Defendants' Motion for Summary Judgment**

Defendants argue that Plaintiff's retaliation claim fails because his fan was confiscated as part of a mass search involving the entire prison which was not directed at Plaintiff, and Plaintiff admits the fan had been altered by removing the screws and cover.  Defendant Parra also argues that Plaintiff failed to exhaust the retaliation claim against him.

In opposition, Plaintiff declares that the May 21, 2022 search and confiscation of his fan was directed at him because of protected conduct.  (ECF No. 57 at 17-19.)  Plaintiff also submits the declaration of inmate Smith who states that Valdez did not confiscate Plaintiff's cellmate's

5

fan which had a loose cover.  (Id. at 14.)  Plaintiff argues Parra's action in not investigating/ speaking to Valdez about the confiscation of the fan constituted adverse action in not returning Plaintiff's fan.  Parra also told Plaintiff to stop filing inmate grievances and lawsuits.

A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (internal citation omitted).  The burden is on the prisoner plaintiff to demonstrate that legitimate correctional purposes did not motivate the actions by prison officials about which he complains. Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

To prevail on a retaliation claim, a plaintiff must show that his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  Merely asserting that the plaintiff was subjected to adverse action after engaging in protected conduct is not sufficient to establish a First Amendment retaliation claim. See Huskey v. City of San Jose, 204 F.3d 898, 899 (9th Cir. 2000) (stating that a retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this.'")  Similarly, retaliation is not shown by simply showing that a defendant took adverse action after he knew the prisoner engaged in protected activity. Williams v. Rego, No. 1:17-cv-01273 GSA, 2018 WL 3455405 at * 6 (E.D. Cal., July 18, 2018) (citations); King v. Williams, No. 2:20-cv-0209 DOC CJS, 2020 WL 8084167 at * 6 (C.D. Cal., Nov. 24, 2020), adopted 2021 WL 76708 (C.D. Cal., Jan. 8, 2021). If the plaintiff is able to meet his burden, the defendants are entitled to show that they would have taken the same actions in the absence of the protected conduct. Mt. Healthy Cty. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc., 874 F. 2d at 1315.

1.      Defendant Valdez

Here, it is undisputed that Valdez searched Plaintiff's cell on May 21, 2022, as part of the institutional mass search and noticed a fan belonging to Plaintiff with a loose cover and missing

6

screws. (UF 5.) Plaintiff admits he had removed the screws and cover of the fan in order to clean it. (UF 6.) After confiscating the fan, Valdez filled out a confiscation receipt and took the fan and the receipt to the podium in Plaintiff's section and dropped it off in a bag. Valdez assumed that other officers would determine whether the fan would be returned to Plaintiff once the loose cover and missing screws were addressed, as the fan was otherwise in a working condition. (UF 7.) Valdez had not searched Plaintiff's cell or confiscated Plaintiff's property prior to May 21, 2022. (UF 12.) Plaintiff did not file any inmate appeals against Valdez prior to May 21, 2022. (UF 13.)

As Plaintiff concedes his fan was confiscated as part of a mass search at SATF. (UF 9.) Defendant Valdez searched Plaintiff's cell and as Plaintiff admits his fan had been altered by removing the screw and the cover. (Valdez Decl. ¶ 4; UF 6.) Valdez declares that he had been previously "trained that altered appliances constituted contraband and were subject to confiscation" to prevent use as weapon. (Valdez Decl. ¶ 3.) Although Plaintiff declares in conclusory fashion that the May 21, 2022 search and confiscation of his fan was directed at him because of protected conduct, he does not offer any evidence refuting Defendant's justification and authorization for the search. (ECF No. 57 at 17-19.) In addition, Plaintiff's statement lacks personal knowledge because he does not explain how he knows the search was directed at him. (Id.; Fed. R. Evid. 602); Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014). Indeed, Plaintiff testified at his deposition that that he was not present in his cell when the fan was confiscated and has no personal knowledge of what occurred, other than it had been confiscated. (ECF No. 54-3 at 16:25-19:11.)

In support of his argument, Plaintiff submits the declaration of inmate Smith who states that Valdez did not confiscate the cellmate's fan, but there are not factual statements to demonstrate that Valdez was aware of the condition of the cellmate's fan. Thus, Smith's declaration is conclusory in nature and does not serve to demonstrate a trial issue of fact as to Defendant Valdez's motive for conducting the search and confiscating Plaintiff's fan on May 21, 2022. See, e.g., Burchett v. Bromps, 466 F. App'x 605, 606 (9th Cir. 2012) ("'conclusory allegations unsupported by factual data will not create a triable issue of fact'" allowing a party to

7

survive a summary judgment motion).

Plaintiff further argues, contrary to Defendant Valdez's statement that he scratched out information on the confiscation receipt and the reason for the confiscation because he was unsure if the fan would be returned, that he read a statement that Valdez believed the fan would be returned to Plaintiff.  (ECF No. 57 at 7:2-6; 18:15-16.)  However, Plaintiff's statement is conclusory in nature as he does not identify who made the statement, when it was made, or provide a copy of the alleged statement.  Accordingly, Plaintiff has failed to meet his burden to produce evidence establishing a genuine issue of material fact.

Although Plaintiff presents hearsay evidence that Valdez had been told that liked to file appeals and lawsuits (ECF No. 57 at 18:3-7), this evidence does not raise a genuine issue of material fact.  In order to prove retaliation, Plaintiff must produce evidence that Valdez took adverse action because of his protected conduct.  Plaintiff has not done so.  Merely asserting that Plaintiff took some adverse action after knowledge of protected conduct does not establish a First Amendment retaliation claim.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (explaining that a retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this' " (citation omitted)).  Instead, Plaintiff must demonstrate that his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct."  Soranno's Gasco, Inc., 874 F.2d at 1314; Brodheim, 584 F.3d at 1271.  Mere speculation that defendants acted out of retaliation is not sufficient.  Wood v. Yordy, 753 F.3d at 904.  "[A]ction colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway."  Hartman v. Moore, 547 U.S. 250, 260 (2006); see also Baker v. Tevault, 2022 WL 7033701, at *12 (D. Ariz. Oct. 12, 2022).

Here, it is undisputed that Plaintiff does not know the identity of the officer who allegedly informed Valdez that Plaintiff liked to file appeals and lawsuits.  (UF 4.)  Plaintiff had not filed any inmate appeals against Valdez prior to May 21, 2022.  (UF 13.)  In addition, Plaintiff admits that Valdez searched Plaintiff's cell on May 21, 2022, as part of the institutional mass search and noticed a fan belonging to Plaintiff with a loose cover and missing screws.  (UF 5.)  Moreover, Plaintiff admits he had removed the screws and cover of the fan in order to clean it.  (UF 6.)

8

Plaintiff also fails to present any evidence to refute that Valdez had been trained that altered appliances constituted contraband and were subject to confiscation in order to prevent them from being modified and used as a weapon and confiscated the fan for that reason.  (ECF No. 57 at 6:21-26; ECF No. 54-3 at 12:8-14.)  It is immaterial that the screws were not properly sealed within the meaning of California Code of Regulations, title 15, because the fan as altered with missing screws and loose covered could still be used as an inmate-manufactured weapon.  Accordingly, Plaintiff has failed to meet his burden to establish his protected conduct was the "substantial" and "motivating" factor for the confiscation of his fan.

Likewise, Plaintiff fails to demonstrate that the confiscation of the fan lacked a legitimate penological purpose-preventing inmate-manufactured weapons.  See Pratt, 65 F.3d at 806 ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.")  Rather, the evidence demonstrates that Valdez would have taken the same actions in the absence of protected conduct.  (Valdez Decl. ¶ 4; UF 5.)  Accordingly, Plaintiff's claim fails on the merits.

2.      Defendant Parra

a.      **Discussion Regarding Confiscation and Return of Fan**

Plaintiff alleges that he Plaintiff spoke with Parra concerning the confiscation of the fan, and Parra said he would speak to Valdez.  (UF 8.)  Plaintiff admits that Parra's only involvement in the search of Plaintiff's cell on May 21, 2022 was to discuss the confiscation of his fan after it had been confiscated.  (UF 9.)  However, Plaintiff's conclusory allegation that Parra's failure to discuss the confiscation with Valdez constituted adverse action does not present a genuine issue of material fact because there is no evidence that Parra's inaction was because of Plaintiff's prior protected conduct.  (ECF No. 57 at 18:1-3, 16-19.)  Thus, Plaintiff has failed to meet his burden in establishing that the protected conduct was the "substantial" and "motivating" factor for Parra's conduct.  Soranno's Gasco, Inc., 874 F.2d at 1314; Brodheim, 584 F.3d at 1271.  Thus, Plaintiff's retaliation fails on the merits.

b.      **Statement to Stop Submitting Grievances and Filing Lawsuits**

As previously stated, in the first amended complaint, Plaintiff alleges that in January 2022,

while Plaintiff was on the yard Defendant Parra told him to stop filing inmate appeals and lawsuits.

In opposition to Defendants' prior motion to amend their answer to include an affirmative defense of exhaustion of the administrative remedies, Plaintiff admits for the first time that he made a mistake in drafting the first amended complaint and the alleged statement by Parra that Plaintiff should stop filing grievances and lawsuits occurred in June 2022, not January 2022. (ECF No. 56 at 2.)

Defendant initially argues Parra's alleged statement did not constitute adverse action because there is no allegation that the statement was accompanied by any type of threat. The Court does not agree. In Brodheim, the retaliatory statement made by the correctional officer was similar to the statement here. There, the officer wrote on inmate Brodheim's grievance, "I'd also like to warn you to be careful what you write, req[u]est on this form." The Court found this statement to be an adverse action, holding that "by its very nature, a statement that 'warns' a person to stop doing something carries the implication of some consequence of a failure to heed that warning." Brodheim, 548 F.3d at 1270. The Brodheim court further noted there are "a number of things" that a correctional officer can do to an inmate that fails to comply with a warning to stop doing things that can have a negative effect. Id.

The same analysis applies here. Parra's alleged statement to stop submitting grievances and filing lawsuits impliedly warned that there would be consequences if Plaintiff continued to invoke his rights under the First Amendment. Indeed, the adverse action in the first element of a retaliation claim need not independently deprive the plaintiff of a constitutional right. See, e.g., Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283 (1977) (absence of right to continued employment does not defeat claim for retaliatory firing for First Amendment expression). Accordingly, the Court finds Plaintiff has sufficiently alleged adverse action.

Defendant further argues that Plaintiff failed to exhaust the administrative remedies regarding the statement by Parra telling him to stop submitting grievances and filing lawsuits for because he admits he did not file any inmate appeals against Parra prior to May 21, 2022.

In opposition, Plaintiff argues he exhausted the claim that Parra improperly told him to stop filing prisoner grievances and lawsuits by submitting a grievance on July 12, 2022. (ECF

10

No. 57 at 18:19-20.)

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions."   42 U.S.C. § 1997e(a); see also Ross v. Blake, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).  The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca,  747 F.3d 1162, 1166 (9th Cir. 2014).

As of June 1, 2020, a prisoner is required to follow procedures set forth in California Code of Regulations, Title 15, sections 3480-3487 when submitting a grievance.  The administrative grievance process has two levels of review—a review at the institutional level with the Office of Grievances (OOG) and a review at the Office of Appeals (OOA) in Sacramento.  Cal. Code Regs. tit. 15, §§ 3480-3487.  A prisoner's grievance must describe all information known and available regarding the claim, including key dates and times, names and titles of all involved staff (or descriptions of those staff members), and names and titles of all witnesses to the best of the claimant's knowledge. Cal. Code Regs., tit. 15 § 3482(c)(1).

Here, although Plaintiff admits that he did not file any inmate appeals against Parra prior to May 21, 2022, Defendant does not dispute that he filed a grievance on July 12, 2022, which is in the Court record.  (UF 11; ECF No. 62 at 8; ECF No. 59, Ex. A.)  However, even assuming

11

June 2022 is the correct date of the alleged statement, the July 2022 grievance does not exhaust the claim that Parra retaliated against him by stating he should stop submitting grievances and filing lawsuits.  Therein, Plaintiff alleged that on May 21, 2022, his fan was confiscated because the covering was off.  (ECF No 59, Ex. A.)  The officer and Parra never issued a receipt for the confiscation and when Plaintiff spoke to Parra he stated "he would look into the matter."  (Id.)  Plaintiff also requested that all video recordings be reviewed and retained for future litigation regarding his claim of retaliation.  (Id.)

Upon review of this grievance, it is clear that Plaintiff did not allege that Defendant Parra made the statement to stop submitting grievances and filing lawsuits in this grievance and therefore did not put the prison on notice of such claim.  (Id.)  In particular, plaintiff did not "describe all information known and available" to him regarding defendant Parra's alleged retaliatory acts-the alleged retaliatory statement.  Thus, this grievance did not place prison officials on notice of Plaintiff's claim, and Plaintiff has failed to rebut Defendant's contention that he failed to exhaust the administrative remedies.  Accordingly, Defendant Parra's motion summary judgment for failure to exhaust this claim should be granted.

3.      May 18, 2025 Superior Court Order

Plaintiff requests that the Court take judicial notice of the May 18, 2025, Kings County Superior Court Order. (ECF 58).  A court make take judicial notice of court filings and other matters of public record. See Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).  As this document is a court filing from Plaintiff's petition for writ of mandate filed in the Kings County Superior Court, his request for judicial notice is granted.  The Court will take judicial notice of the existence and content of this order.

In this order, the Kings County Superior Court noted the petition was moot inasmuch as CDCR replaced Plaintiff's fan with another fan "of equal or greater value" pursuant to California Code of Regulations, title 15, section 3193(b).  (ECF No. 58.)  The petition was granted in that the prison was ordered to provide Plaintiff with written notice of the fan's confiscation in compliance with California Code of Regulations, title 15, section 3287(a)(4).  (Id.)  Contrary to

Plaintiff's contention, this order does not create a genuine issue of material fact because it does not establish that Defendants retaliated against Plaintiff.  At most, this order demonstrates that Defendants did not comply with California Code of Regulations, title 15, sections 3193(b) and 3287(a)(4).  However, it is well established that a violation of section 1983 only provides a cause of action for the deprivation of federally-protected rights and a section 1983 claim cannot arise from an alleged violation of prison regulations, such as California Code of Regulations, title 15.  See, e.g., Nible v. Fink, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Prock v. Warden, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred.").  Accordingly, this order does not demonstrate that Defendants retaliated against Plaintiff and does not create a genuine issue of material fact to preclude summary judgment.[2]

**IV.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment be granted for the reasons stated above.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights

///

///

on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

---

[2] Based on the findings herein, the Court does not reach the issue of qualified immunity.

13

Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 28, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

14